[See note to Case No. 11,404.]

―――――

## Case No. 11,405a.

PREVOST v. GORRELL et al.

[7 Wkly. Notes Cas. 264.]

Circuit Court, E. D. Pennsylvania. April 30, 1879.

PRACTICE—TAKING OF TESTIMONY.

1. Place of taking testimony, under special circumstances, where witness resides in a different place from the examiner.

2. Sur motion by one of the defendants to have his testimony taken in Philadelphia.

This was a proceeding in equity in which the matter had been referred by the court to the official stenographer of the Schuylkill county court, as examiner to take testimony. The examiner and two of the complainant's counsel lived in Schuylkill county; the other counsel of the complainant resided in Philadelphia. This defendant, Mr. Audenried, lived in Philadelphia; and being subpoenaed by the complainant to appear before the examiner at Pottsville, that his testimony might be taken on behalf of the complainant, he refused to appear, and made affidavit to the foregoing facts, and further stated that his going to Pottsville for the time necessary to have his testimony taken would greatly injure his business, and would greatly embarrass and annoy him, and cause him much loss.

Mr. McMurtrie, for the motion.

Two of the complainant's counsel live here. It would be very unjust to compel this defendant to go to Pottsville when he can be examined here quite as readily, and his going there would greatly injure his business.

A. Sydney Biddle and G. W. Biddle (Hughes & Farquhar and Mr. Bartholomew with them), contra.

The question is merely one of convenience. Our colleagues who are conducting this ex-

amination live in Pottsville, and if Mr. Audenreid is examined here, they must come here for that purpose. The examiner resides in Pottsville.

McKENNAN, Circuit Judge. The witness must appear before the examiner unless the court excuse him. Ordinarily this would not be done, but here there are special reasons stated -in the affidavit, which are uncontradicted, from which it appears that the witness would be subjected to severe loss if he were forced to go to Pottsville. As some of the complainants' counsel live in Philadelphia, which is not only the witness' residence, but the place of holding court in the district, and as no inconvenience in taking Mr. Audenreid's testimony here before a commissioner is shown, the motion is allowed.

[See note to Case No. 11,404.]